Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

### MEMORANDUM **

Custis C. Cox appeals *pro se* from his $125 fine and conviction for criminal trespass to property at Malmstrom Air Force Base, in violation of Montana Code Annotated § 45–6–203 and 18 U.S.C. § 13. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

█ Cox contends that his conviction should be reversed because he was entitled to discovery of the names of two witnesses. Even if this is true, his contention fails because any error did not prejudice his substantial rights. *See United States v. Baker,* 10 F.3d 1374, 1398 (9th Cir.1993); *see also* Fed.R.Crim.P. 16.

█ We also conclude that there is sufficient evidence to support Cox's conviction. Based on the credible testimony of Airman Riecher, who stated that she had informed Cox that he needed a visitor pass to enter the base, a rational trier of fact could have found Cox guilty of trespass. *See United States v. Booth,* 309 F.3d 566, 574 n. 5 (9th Cir.2002).

Cox's remaining contentions lack merit.

**AFFIRMED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Kenneth Deshon MCGEE, Defendant—Appellant.**

**No. 05–30160.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by 9th Cir. R. 36–3.

Submitted April 5, 2006.*

Filed April 10, 2006.

Richard L. Pomeroy, Esq., Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellee.

Kenneth Deshon McGee, Atwater, CA, Pro Se.

Before: HAWKINS, McKEOWN, and, PAEZ, Circuit Judges.

## MEMORANDUM **

Kenneth Deshon McGee appeals pro se from the district court's order denying of his Federal Rule of Civil Procedure 60(b) motion, in which he claimed that counsel appointed to represent him on his 28 U.S.C. § 2255 motion was ineffective, and that his original criminal conviction for conspiracy and possession of cocaine with the intent to distribute was obtained through fraudulent search warrants. We have jurisdiction pursuant to 28 U.S.C. § 1291.

The district court did not abuse its discretion in denying McGee's Rule 60 motion. There cannot be ineffective assistance of counsel in cases where, as here, the appellant had no constitutional right to counsel. *See Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir.1995) (rejecting claim for ineffective assistance of counsel "because there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding").

McGee's remaining contentions were not certified by the district court and are construed as a motion to broaden the

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

certificate of appealability. *See* 9th Cir. R. 22–1(e). So construed, we deny the motion. *See Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (noting that broadening certificate of appealability requires "substantial showing of the denial of a constitutional right").

McGee's Motion to Supplement Pursuant to Federal Rule of Appellate Procedure 28(j), filed on July 11, 2005, is denied as moot.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.